UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG, #260575,

    Plaintiff,

v.

BEVERLY WEATHERSBY, et al.,

    Defendants.
                               /

File No: 1:09-cv-67

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's objections (Dkt. No. 104) to the Magistrate Judge's September 15, 2010, Report and Recommendation ("R&R") (Dkt. No. 99) which recommends that this Court grant Defendants' motions for summary judgment. The Court is required to review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* Plaintiff has objected to the Magistrate Judge's recommendations regarding both Defendant Bonn's motion for summary judgment (Dkt. No. 85) and Defendants Weathersby and Fields's motion for summary judgment (Dkt. No. 44).

**A.) Defendant Bonn**

The Magistrate Judge recommends that this Court grant Defendant Bonn's motion for summary judgment. Plaintiff objects to this recommendation and several of the findings

which support that recommendation. Plaintiff objects first to the Magistrate Judge's finding that Plaintiff's First Amendment claims against Defendant Bonn fail because Plaintiff has offered no evidence of actual injury. (R&R at 9) Plaintiff argues that there is no "actual injury" requirement in cases such as his. (Objections at 3.) He argues that "[t]he invasion itself constitutes the injury." (*Id.*) That is not the law. Rather, "[t]he law has not established that reading properly marked legal mail in inmate's presence violates constitutional rights in and of itself. There must be some allegation that the prison official's conduct amounted to denial of access to the courts or some form of censorship of speech." *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010). Plaintiff has not alleged that Defendant Bonn's reading of his legal mail prevented access to his attorney, his access to the courts, or in any way censored him. This objection will be overruled.

Plaintiff also objects to the Magistrate Judge's discussion of whether or not the documents involved in this case were, in fact, "legal mail," arguing that since Defendant Bonn referred to the documents as legal mail, the Court should accept this assertion without analysis. (Objections at 4-5.) This Court agrees with the Magistrate Judge that whether outgoing mail meets the legal definition of "legal mail" is a question of law, and further agrees that this determination can sometimes be difficult without access to the documents at issue. (R&R at 9.) However, aside from this brief discussion, both the Magistrate Judge and this Court have accepted that the documents were, in fact, legal mail, just as Plaintiff contends. Still, the discussion itself was not inappropriate in the R&R, and, to the extent

2

Plaintiff is objecting to its presence, that objection will be overruled.

Plaintiff next objects to the Magistrate Judge's alleged failure to address Plaintiff's reliance on Administrative Rule 791.6603(1), which states that "[a] prisoner who is in general population status shall be permitted to send sealed letters to any person or organization . . . ." Nothing in the Magistrate Judge's R&R is contrary to this rule, and it is clear from the facts that Plaintiff would have been allowed to send sealed letters had he opted to follow the normal procedures for doing so. "It is pellucid from the plaintiff's own exhibits that he knew how to submit sealed mail under applicable MDOC procedures." (R&R at 11.) The Magistrate Judge discusses several of the instances in which inmates are required to submit unsealed mail, including the one applicable here (expedited mail), and explains the well-founded justifications for those instances. (*Id.*) In short, Plaintiff *was* permitted to send sealed letters, he knew the procedures by which to do so, and he opted instead for a procedure which requires that mail be submitted unsealed. The objection will be overruled.

**B.) Defendants Fields and Weathersby**

The Magistrate Judge also recommends that this Court grant Defendants Fields and Weathersby's motion for summary judgment; a recommendation to which Plaintiff also objects. Plaintiff first objects to the Magistrate Judge's finding that Defendants were permitted under MDOC policy directives to reject mail from another prisoner addressed to Plaintiff. (Objections at 7-8.) Reviewing the matter *de novo*, this Court finds that the

Magistrate Judge's analysis (R&R at 13-15) is sound. MDOC Policy Directive 05.03.118 ¶ HH (effective 1/1/06) prohibits prisoners from receiving mail that is a threat to security, good order, or discipline or may facilitate or encourage criminal activity or may interfere with prisoner rehabilitation. (Dkt. No. 50, Ex. A, Page ID #466.) The volume of material sent to Plaintiff could not be readily reviewed for contraband or other threats. Thus, under both MDOC policy and applicable law, Defendants were entitled to act as they did. The objection will be overruled.

Plaintiff next objects to the Magistrate Judge's reliance on the above finding. (Objections at 8-9.) Plaintiff argues that Defendants "never advanced this allegation [that the mail was rejected because of its great volume] during the . . . grievance procedure," and that this Court is thus precluded from applying it here. (*Id.*) On the contrary, Defendant Weathersby apprised Plaintiff before litigation began that "this type of mail is considered a threat to security of the facility a single package in large volume cannot be adequately searched and therefore violates Mail Policy, paragraph HH . . . ." (Dkt. No. 50, Ex. B-2, Page ID #484.) In fact, Plaintiff himself acknowledged in September of 2008 that Defendants had raised the issue. (*Id.* at Page ID #482-83.) Plaintiff's assertion that this "allegation" is somehow novel is groundless, and the objection will be overruled.

Plaintiff also objects to the Magistrate Judge's finding that he was not deprived of due process. Plaintiff asserts that he had a right to an in-person hearing with twenty-four (24) hour notice and that Defendant Weathersby never gave him such a hearing. (Objections

4

at 10.)  The Court finds that Plaintiff was given the process his grievance was due.  In order to assert a claim for unconstitutional deprivation of due process, Plaintiff must show that he was deprived of a life, liberty, or property interest without adequate procedural safeguards.  Although Plaintiff has a limited liberty interest in receiving correspondence, his due process rights were satisfied: he received notice that his mail was rejected, was given an opportunity to protest, and received review of the decision to reject by another official.  *See Wappler v. Brevard*, 2007 U.S. Dist. LEXIS 98852, at *50 (W.D. Mich. Sept. 24, 2007) ("[E]ven assuming that Plaintiff was not permitted to appear in person before Defendant [], the Court finds that Plaintiff was nonetheless afforded constitutionally sufficient notice and opportunity to be heard.").  This objection will be accordingly overruled.

Finally, Plaintiff objects to the Magistrate Judge's finding that Defendants Fields and Weathersby are entitled to qualified immunity.  This objection is predicated on this Court's sustaining one of Plaintiff's previous objections and agreeing with Plaintiff that Defendants violated Plaintiff's clearly established constitutional rights.  The Court has not and does not.  Upon *de novo* review, this Court finds that the Magistrate Judge's analysis on this issue is sound, and this objection will be accordingly overruled.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.  Accordingly,

5

**IT IS HEREBY ORDERED** that Plaintiff's objections (Dkt. No. 104) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's September 15, 2010, R&R (Dkt. No. 99) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 44 and 85) are **GRANTED**.

Dated: September 30, 2010                /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE